Friday, February 21th, 1817, the Judges delivered their opinions.
Judge Goaeter.
if this ease turned altogether on the general principle of the liability of an agent or servant, who, by authority of his principal, had converted goods of another, which, by finding or otherwise, had come to the possession of that principal, and to which he never had a title, the question, how far this Court would consider the broad doctrine of the irresponsibility of agents, laid down in the case of Mires v. Solebay, in 2 Mod. 242, as being over-ruled by the cases of Perkins v. Smith, 1 Wils. 328, and Parker v. Godin, Stra. 813, would, with me, be a question of no little magnitude. I am willing to say, however, that the case in Modern, at present, appears to me to maintain the most reasonable doctrine, although if *437 seems to be considered by Butter, Saunders and Chilly, to have been overuled by the other cases above referred to.
Those cases, however, appear to me by no means as strong, m favour of ¡he agent, as the present. In the case in Wilson, the agent, in the first place, undertook to invest his master with the right of property, and then to dispose of it for his use; and thus, as it were, took on him the risk of interfering with the rights of others.
In the case in Strange,- the agent undertook to pawn, in his own name, the goods of a trader, who had absented himself, and was a bankrupt, and to pay over the money to his wife ; and, although the Judges do not put these cases on the ground of actual notice of the bankruptcy, which mnst have been found by the Jury, if thought important, and not inferred by the Court, yet these were the circumstances ; and it might well have occurred to those agents, that they were possibly doing a wrong to third persons.
But, in this case, the plaintiff, although he had acquired a title to the property from the former owner, defeasible by his paying the debt within the lime, which, whether recorded or not, was good as to that party, and any agent acting for him, with notice; yet this tille is unaccompanied with any change of possession, or other notice, except by recording the Deed, to shew that the right of property had been transferred. If recording the Deed does not affect the agent with notice, but oj'.y mr.fces it good against creditors and purchasers, when it would otherwise be void as to them; and if the rule caveat empter does not apply to him, as at present I incline to think, then he would stand, in this respect, as at common law ; that is, the plaintiff shews a title under his Deed, but he has permitted the grantor to remain in possession.
It may be said though, that this possession is consistent with the Deed, which Is a mortgage or Deed of Trust, and therefore not, per ss, fraudulent. But, in Ryall v. Rolle, 1 Wils. 260, it is said that a mortgage of personal property is void as to creditors, if the mortgagor remain in possession ; and perhaps the case of Edwards v. Harben, 2 Term Rep. 587, is a confirmation of this doctrine, rather than the reverse ; especially if the continued possession by the mortgagor is not stipulated for in the Deed. Be this, however, as it may, and admitting that *438 the continued possession of the grantor is under circumstances, which do not make the transaction fraudulent per se, it may nevertheless operate that effect upon innocent agents, and ought, therefore, not only to divest the case, as to them, of those circumstances of apparent wrong, which may have Had weight in the cases in Wilson and Strange above noted, but to be thrown into the opposite scale, so as to operate in their favour.
For these reasons, I feel little hesitation in concurring with my brother Judges, in reversing the Judgment in this case.
Judge Cabem,. The sale of the slave in this case, was unquestionably a conversion ; and the sale having been made by Travis as the agent, and for the benefit of Drummond, it is equally clear that Drummond, the principal, is liable therefor. The only question is, whether Travis, the agent, who has paid over the money to his principal, is also liable. 1 am clearly of opinion that he is not.
The command of the principal will not'justify the agent in committing a tresspass, nor even an apparent wrong; in such a case, both the principal and agent are liable to the party irijured. But where the conduct of the agent is within the limits of the authority confided to him ; is fair, and unattended by circumstances, sufficient to apprize him that he is acting wrongfully in relation to others; or, in other words, where he does not commit an apparent wrong, the principal and not the agent is responsible for the act. These are the general principles upon this subject, and they are clearly established by the case of Mires v. Solebay, 2 Mod. 242. There is nothing in the case of Perkins v. Smith 1 Wils, 328, nor in that of Parker v. Godin, 2 Str. 813, in opposition to these principles. The circumstances were such, as ought to have convinced those agents, that they were acting unlawfully ; and it was expressly on that ground, that they were made liable. There is a total absence of such circumstances in the case now before the Court. The creditors, Holliday and Co., took a lien only, upon the property of their debtor, Drummond; permitting him, however, to remain, as before, in possession, and to exercise all the rights of ownership. Travis had no reason (from any thing that Í have observed in this record) to doubt that Drummond was the *439 real, as he certainly was the apparent owner of the property. He has done no more than what Drummond employed him to do, and what he believed Drummond might lawfully employ him to do; he has acted fairly and has honestly paid over the money. I therefore think him absolved from all liability. A contrary decision would, in my opinion, subvert the law upon this subject, and produce much inconvenience, by putting an end to almost all agencies. In thus absolving a fair and innocent agent, creditors will have no just ground of complaint. They still have recourse against their debtors, or may pursue the property in the hands of the purchasers.
I am of opinion to reverse the judgment.
Judge Roane. The reason, why the acts of the agent are in many respects considered as the acts of the principal, arises from the relation, which exists between them ; and, as the liberty of acting by an agent is an indulgence to the principal, it is reasonable that he should be bound by the acts of his agent, done in pursuance of the authority given him. In such case, the act of the agent is the act of the principal; and no action is imposed upon the latter, hut by himself, through his agent, acting under his authority; and the agent shall be held not responsible. No injury is done to third persons by Ibis construction : they are in the same situation, as if this indulgence had not been allowed the principal, and he had been compellable personally to do the act. If, on the other band, the agent goes beyond his instructions, and does more than they authorize ; or if he does an act, (as a trespass,) which his principal ought not to require, nor he to obey him in ; in either case, bis character of agent ceases, and he shall be himself responsible for lib acts. Were this not the case, it would be in the power of ¡he agent to subject his principal, by Ms own misconduct, to what actions he pleased.
The case before us is a case of the former character. Tha agent has done nothing, but what he was authorized and required by his principal to do. He sold a negro for him, long owned and possessed by him, ami paid to him the proceeds ; and whether the principal had or had not a right to sell the negro in question, notwithstanding the Deed of Trust, depended upon circumstances within his knowledge ; upon the state d' *440 the accounts between the parties, and other circumstances ; it involved the right of property in the negro. But the right of property in the thing sold, cannot be tried in an action against the agent, if the defendant can shew the least colour of right in his principal, as having been in possession thereof, &c. (a) The agent is not a proper party to such a controversy. He has not the muniments of the principal’s title, and is not competent to defend it. He may be deserted by his principa! at his pleasure ; and a verdict against the agent will not bind the right of the principal. Ir would be an enormity, that the agent should be condemned and imprisoned on the ground of invading the property of A. in a subject,' which, in a future action between the proper parties, may be found to be the property of B. ; the property of the principal, and not of a stranger.
A construction of this sort would derange and put an end to agencies of every kind. No man would become an agent, without becoming at the same time an insurer ; the premium would be correspondently increased, and the indulgence, given by the law, of acting by agents, would be nullified.
As no injury is done to parties by this construction , as the action still remains against the principal, and against the vendee ,• and as, in general, the principal is more responsible than the agent; I am of opinion, that the present action does not lie. There are no cases, in which such an action has been held to lie, except where the agent has exceeded his authority, has committed a tort, or, at least, an apparent wrong.
For these reasons, I am of opinion, that the Judgment should be reversed and entered for the defendant.
Judgment unanimously reversed, and entered for the defendant.

 1 Esp. N. P. 110; Bull. N. P. 133.